UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 17-2704-GW(MRWx) | | Date | October 26, 2017 |
|---|---|---|---|---|
| Title | *American Federation of Musicians of the United States and Canada v. Metro-Goldwyn-Mayer Pictures Inc., et al.* | | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | Katie Thibodeaux | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Jennifer P. Garner | Adam Levin | |

**PROCEEDINGS:** **DEFENDANTS METRO-GOLDWYN-MAYER PICTURES INC. AND PARAMOUNT PICTURES CORPORATION'S MOTION FOR JUDGMENT ON THE PLEADINGS [23]**

Court hears oral argument. The Tentative circulated and attached hereto, is adopted as the Court's Final Ruling. Defendants' Motion is DENIED.

: 08

Initials of Preparer  JG

<u>*Am. Fed'n of Musicians of the U.S. & Can. v. Metro-Goldwyn-Mayer Pictures Inc., et al.*</u>, Case No. 2:17-cv-2704-GW (MRWx), Tentative Ruling on Motion for Judgment on the Pleadings

The American Federation of Musicians of the United States and Canada ("Plaintiff") sues Metro-Goldwyn-Mayer Pictures Inc. ("MGM") and Paramount Pictures Corporation ("Paramount"), stating one claim for breach of contract under 29 U.S.C. § 185 – Section 301 of the Labor Management Relations Act ("LMRA") – against each of the two defendants. The contract in question is a collective bargaining agreement ("CBA"). *See* Complaint ¶¶ 1, 7-10, Docket No. 1.

According to the allegations in the Complaint, MGM and Paramount violated the CBA in connection with the scoring of the 2016 theatrical motion picture "Ben Hur," by failing, under the terms of the CBA, to pay or cause their subcontractor to pay the wages, benefits and residual compensation due to bargaining unit musicians who recorded the score for that film. *See id.* ¶¶ 1, 12, 15, 17, 23. In particular, MGM and/or Paramount engaged a third party, BH Productions LLC ("BHP") to provide for the composing, arranging, orchestrating, recording, conducting, production and delivery of master recordings of a musical score for the film, and BHP entered into an all-inclusive fee contract with a California composer who, for a fixed lump sum payment and as a complete package, agreed not only to compose a film score, but also to hire all instrumental musicians, arrangers, orchestrators, programmers, music preparation personnel, and conductors necessary to record the score and deliver the finished master recordings. *See id.* ¶¶ 17-18. The composer composed a score and arranged the hiring in California of bargaining unit musicians to perform work in California that would otherwise be covered by the CBA. *See id.* ¶ 19. The defendants also allegedly violated the CBA by failing to fulfill reporting and studio access obligations set forth in the CBA to ensure compliance. *See id.* ¶¶ 1, 13-14, 21-22.

MGM and Paramount (together, "Defendants") now move for judgment on the pleadings, arguing that Plaintiff: 1) has no standing to sue in this action on behalf of the musicians in question because they are not covered by the CBA and 2) has not expressed the necessary injury-in-fact for it to have sued on its own behalf. Rule 12(c) of the

1

Federal Rules of Civil Procedure permits a party to move for judgment on the pleadings "[a]fter the pleadings are closed – but early enough not to delay trial."[1] Fed. R. Civ. P. 12(c). "Judgment on the pleadings is proper when, taking all allegations in the pleading as true, the moving party is entitled to judgment as a matter of law." *Stanley v. Trustees of Cal. State Univ.*, 433 F.3d 1129, 1133 (9th Cir. 2006). This is reflective of the acknowledgement that, because a motion for judgment on the pleadings is "functionally identical" to a motion to dismiss, the standard for a Rule 12(c) judgment on the pleadings is essentially the same as for a Rule 12(b)(6) motion. *See Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989); *see also Pit River Tribe v. Bureau of Land Mgmt.*, 793 F.3d 1147, 1155 (9th Cir. 2015); *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1052 n.1 (9th Cir. 2008).

Under Rule 12(b)(6), a court must (1) construe a claim in the light most favorable to the plaintiff, and (2) accept all well-pleaded factual allegations as true, as well as all reasonable inferences to be drawn from them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir.), *amended on denial of reh'g*, 275 F.3d 1187 (9th Cir. 2001); *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). The court need not accept as true "legal conclusions merely because they are cast in the form of factual allegations." *Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003). Dismissal pursuant to Rule 12(b)(6) is proper only where there is either a "lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121-22 (9th Cir. 2008); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 561-63 (2007) (dismissal for failure to state a claim does not require the appearance, beyond a doubt, that the plaintiff can prove "no set of facts" in support of its claim that would entitle it to relief). However, a plaintiff must also "plead 'enough facts to state a claim to relief that is plausible on its face.'" *Johnson*, 534 F.3d at 1122 (quoting *Twombly*, 550 U.S. at 570); *see also William O. Gilley Enters., Inc. v. Atlantic Richfield Co.*, 588 F.3d 659, 667 (9th Cir. 2009) (confirming that *Twombly* pleading requirements "apply in all civil cases"). A complaint does not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v.*

---

[1] Trial in this case is set for April 10, 2018. *See* Docket No. 22.

*Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Normally, in its consideration of the motion, the court is limited to the allegations on the face of the complaint (including documents attached thereto), matters which are properly judicially noticeable and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruling on other grounds recognized in Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002).

Analysis of the issue Defendants have raised must start with the language of the LMRA, 29 U.S.C. § 185(b): "Any [labor organization which represents employees in an industry affecting commerce] may sue or be sued as an entity and in [*sic*] behalf of the employees whom it represents in the courts of the United States." Defendants' argument here is that Plaintiff cannot sue on behalf of the musicians in question because those musicians are not "employees whom it represents." They base this contention on the language in the Complaint indicating that it was the California composer (who was, in turn, engaged by BHP) who was to "hire all instrumental musicians, arrangers, orchestrators, programmers, music preparation personnel, and conductors necessary to record the…score and deliver the finished master recordings," and that this composer then "arranged the hiring" of the musicians. Complaint ¶¶ 18-19.

Defendants then look to the CBA,[2] which indicates that the bargaining unit covers only musicians "employed by" signatory producers (such as Defendants). Because it was the composer (who was engaged by BHP, which was itself allegedly engaged by MGM and/or Paramount, *see* Complaint ¶¶ 17-18) who "hired" the musicians, Defendants argue that those musicians were not "employed by" Defendants and therefore are not covered

---

[2] Defendants assert that the Court can consider the terms of the CBA on this motion because it is subject to judicial notice under Federal Rule of Evidence 201(b). *See* Docket No. 24. Plaintiff does not assert otherwise and does not oppose Defendants' Request for Judicial Notice. The Court agrees with Defendants that the terms of the CBA may be considered on this motion, not because the Court believes the CBA is a proper subject of judicial notice, but because the contents of the CBA are alleged in the Complaint and there appears to be no dispute as to the authenticity of the document Defendants proffer as the CBA (which also appears to be a basis for Defendants' request that the Court take "judicial notice" of the document, *see* Docket No. 24, at 2:23-3:11). *See, e.g.*, Complaint ¶¶ 7, 10-13, 15.

by the CBA. Not being covered by the CBA, Defendants' reasoning goes, Plaintiff has no basis to sue on behalf of the musicians under Section 185(b), and cannot otherwise represent them due to limitations imposed by associational standing principles.

The Court agrees with Defendants that Plaintiff's response to this argument almost entirely avoids the particular point raised, addressing instead issues and arguments (such as the validity of subcontracting clauses in CBAs and whether labor organizations can *ever* qualify for associational standing) that are not raised by way of this motion. Nevertheless, the Court does not see a way to resolve this motion (and this case) in Defendants' favor simply by way of Plaintiff's use of the word "hire" (or one of its variants). The parties do not appear to have briefed what factors a court is to consider – let alone what law governs – in determining whom an individual is "employed by" under the terms of a CBA for purposes of the LMRA. Absent applicable/controlling law indicating that the identity of the person/entity "hiring" the individual is the sole consideration in resolving this question, Defendants' point on this issue, while interesting, is not ripe for decision on this briefing (and may not be able to be determined on the pleadings alone).

The Court's inability on the current papers/this motion to resolve the question of Plaintiff's standing to represent the musicians as employees covered by the CBA means that it has no need to address the additional question of whether Plaintiff may properly bring this litigation on its own behalf. The case will proceed, at least for now, no matter what the Court would decide in that regard.[3] The Court also has no need to address the question of Plaintiff's associational standing that is *not* dependent upon who the CBA does or does not cover, and will refrain from addressing any entirely-premature question concerning the musicians' right to sue on their own behalf based on provisions in the

---

[3] The Court notes, however, Defendants' failure to respond to Plaintiff's citation to *International Brotherhood of Electrical Workers, AFL-CIO Local 1245 v. Citizens Telecommunications Co. of California*, 549 F.3d 781 (9th Cir. 2008), wherein Plaintiff offered the parenthetical summarization "union could sue under LMRA Section 301 for retirement benefits on behalf of retirees without their individual participation, and moreover, being forced to incur the expense of so doing was 'injury in fact.'" Docket No. 31, at 4:8-12. It is not entirely clear that Plaintiff has accurately described the Ninth Circuit decision in this regard, but Defendants' lack of response on this particular point – Defendants discussed the case in their Reply, but not with respect to this particular issue – may (or may not) be noteworthy. *See* 549 F.3d at 788-89 ("Even if this right belongs to the CBA's third-party beneficiaries (the current employees and retirees), rather than the contracting party (the union), denial of this right affects the union in a personal and individual way: IBEW is forced to incur the expense of either suing in federal court to compel arbitration or litigating the alleged violation of the CBA itself in federal court.").

CBA should it be determined that Plaintiff may not sue on their behalf under the LMRA. Finally, the Court also will not address the question Defendants raise for the first time in their Reply concerning the contention that the CBA does not provide the musicians any benefit here because the film in question was allegedly produced outside of the United States and Canada. *See Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("The district court need not consider arguments raised for the first time in a reply brief.").

The Court denies Defendants' motion as presented to this point.

5