1   ADAM LEVIN (SBN 156773)
      axl@msk.com
2   SARAH WIRTZ (SBN 217434)
      stw@msk.com
3   MITCHELL SILBERBERG & KNUPP LLP
    11377 West Olympic Boulevard
4   Los Angeles, California 90064-1683
    Telephone: (310) 312-2000
5   Facsimile: (310) 312-3100

6   *Attorneys for Defendants Metro- Goldwyn-Mayer Pictures Inc.
    and Paramount Pictures Corporation*

7

8                 UNITED STATES DISTRICT COURT

9                CENTRAL DISTRICT OF CALIFORNIA

10                     WESTERN DIVISION

11  AMERICAN FEDERATION OF          CASE NO. 2:17-cv-2704-GW(MRWx)
    MUSICIANS OF THE UNITED
12  STATES AND CANADA,              **DEFENDANTS' APPENDIX OF
                                    DISCOVERY IN DISPUTE IN
13             Plaintiff,           SUPPORT OF MOTION TO
                                    COMPEL (1) DISCOVERY
14         v.                       RELATING TO DISCIPLINE
                                    OF MUSICIAN WITNESSES;
15  METRO-GOLDWYN-MAYER             (2)  RESPONSES TO
    PICTURES INC. and               INTERROGATORIES
16  PARAMOUNT PICTURES              REGARDING AFM'S
    CORPORATION,                    CONTENTIONS; (3) A RULE
17                                  30(B)(6) DEPOSITION DATE;
               Defendants.          (4) DATE CERTAIN FOR
18                                  DOCUMENT PRODUCTION; AND
                                    (5) PRIVILEGE LOG**
19

20                                  Date:  February 14, 2018
                                    Time:  9:30 a.m.
21                                  Dept.:  Courtroom 550, Roybal
                                             Federal Building
22
                                    Discovery Cutoff:  March 9, 2018
23                                  Pretrial Conference:  June 21, 2018
                                    Jury Trial:  July 10, 2018
24
                                    Judge:  Magistrate Judge
25                                           Michael R. Wilner

26

27

28

9750072.3

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

### DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE

Defendants Metro-Goldwyn-Mayer Pictures Inc. ("MGM") and Paramount Pictures Corporation ("Paramount") (collectively "Defendants") submit the following appendix of discovery in dispute in support of Defendants' concurrently filed Motion To Compel (1) Discovery Relating To Discipline Of Musician Witnesses; (2) Responses To Interrogatories Regarding AFM's Contentions; (3) A Rule 30(b)(6) Deposition Date; (4) Date Certain For Document Production; and (5) Privilege Log.

### I.    REQUESTS RE AFM'S DISCIPLINE OF MUSICIAN WITNESSES

**A.    MGM'S INTERROGATORY TO AFM RE DISCIPLINE**

**(1)    MGM's Interrogatory No. 10[1]**

IDENTIFY all facts supporting YOUR contention, if any, that any PERSON who provided services in connection with the production or scoring of BEN HUR violated an AFM by-law, rule or policy.

**AFM's Response to Interrogatory No. 10:[2]**

AFM objects to this Interrogatory on the grounds that, by propounding this discovery request, MGM and its counsel have engaged in an unlawful unfair labor practice in violation of Section 8(a)(1) of the National Labor Relations Act. *United Nurses Ass'ns of Cal./Union of Health Care Professionals, NUHHCE, AFSCME v. NLRB*, 871 F.3d 767, 785-88 (9th Cir. 2017).

AFM objects to this Interrogatory to the extent that it seeks information that is irrelevant to the claims made in this case.

AFM objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

AFM will not respond further to this Interrogatory.

---

[1] *See* Declaration of Sarah Wirtz ("Wirtz Decl."), Ex. F.

[2] *See id.*, Ex. G.

9750072.3

**B.**  **MGM'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO AFM RE DISCIPLINE**

**(1)**  **MGM's Request for Production No. 38[3]**

All DOCUMENTS referring or relating to any considered, proposed or actual action, proceedings, or discipline by the AFM with respect to any MUSICIAN, including but not limited to, any investigation, penalty, warning, suspension, probation, censure or fine.  ["MUSICIAN" is limited to "any PERSON who YOU contend provided services of the type covered under the AGREEMENT on BEN HUR."]

**AFM's Response to Request for Production No. 38:[4]**

AFM objects to the Request on the grounds that, by propounding the request, Defendants and their counsel have engaged in unlawful, unfair labor practices in violation of the National Labor Relations Act.  *United Nurses Ass'ns of Cal./Union of Health Care Professionals, NUHHCE, AFSCME v. NLRB*, 871 F.3d 767, 785-88 (9th Cir. 2017).

AFM objects to the Request to the extent it calls for production of documents protected by the attorney-client privilege or the attorney work product doctrine.

AFM objects to the Request to the extent it calls for production of documents privileged from disclosure under Section 7 of the National Labor Relations Act, 29 U.S.C. § 157.

AFM objects to the Request on the grounds that it is intended for the purpose of harassment.

AFM objects to the Request on the grounds that it seeks information that is not relevant to the claims made in this case.

---

[3] *See id.*, Ex. H.
[4] *See id.*, Ex. I.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

1       Subject to and without waiving the foregoing objections, AFM responds as

2   follows: AFM will not further respond to this Request.

3               **(2)    MGM's Request for Production No. 39**[5]

4       All DOCUMENTS referring or relating to any allegation by YOU that any

5   MUSICIAN violated any provision of the AFM by-laws or other AFM agreement,

6   policy, procedure, or rule.  ["MUSICIAN" is limited to "any PERSON who YOU

7   contend provided services of the type covered under the AGREEMENT on BEN

8   HUR."]

9       **AFM's Response to Request for Production No. 39:**[6]

10      AFM objects to the Request on the grounds that, by propounding the

11  request, Defendants and their counsel have engaged in unlawful, unfair labor

12  practices in violation of the National Labor Relations Act.  *United Nurses Ass'ns of*

13  *Cal./Union of Health Care Professionals, NUHHCE, AFSCME v. NLRB*, 871 F.3d

14  767, 785-88 (9th Cir. 2017).

15      AFM objects to the Request to the extent it calls for production of

16  documents protected by the attorney-client privilege or the attorney work product

17  doctrine.

18      AFM objects to the Request to the extent it calls for production of

19  documents privileged from disclosure under Section 7 of the National Labor

20  Relations Act, 29 U.S.C. § 157.

21      AFM objects to the Request on the grounds that it is intended for the

22  purpose of harassment.

23      AFM objects to the Request on the grounds that it seeks information that is

24  not relevant to the claims made in this case.

25      Subject to and without waiving the foregoing objections, AFM responds as

26  follows: AFM will not further respond to this Request.

27  ────────────────────

28  [5] *See id.*, Ex. H.

[6] *See id.*, Ex. I.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

1           **(3)    MGM's Request for Production No. 40[7]**

2           All agreements, policies, procedures, rules or by-laws that you allege were

3 violated by any MUSICIAN. ["MUSICIAN" is limited to "any PERSON who

4 YOU contend provided services of the type covered under the AGREEMENT on

5 BEN HUR."]

6           **AFM's Response to Request for Production No. 40:[8]**

7           AFM objects to the Request on the grounds that, by propounding the

8 request, Defendants and their counsel have engaged in unlawful, unfair labor

9 practices in violation of the National Labor Relations Act. *United Nurses Ass'ns of*

10 *Cal./Union of Health Care Professionals, NUHHCE, AFSCME v. NLRB*, 871 F.3d

11 767, 785-88 (9th Cir. 2017).

12           AFM objects to the Request to the extent it calls for production of

13 documents protected by the attorney-client privilege or the attorney work product

14 doctrine.

15           AFM objects to the Request to the extent it calls for production of

16 documents privileged from disclosure under Section 7 of the National Labor

17 Relations Act, 29 U.S.C. § 157.

18           AFM objects to the Request on the grounds that it is intended for the

19 purpose of harassment.

20           AFM objects to the Request on the grounds that it seeks information that is

21 not relevant to the claims made in this case.

22           Subject to and without waiving the foregoing objections, AFM responds as

23 follows: AFM will not further respond to this Request.

24

25

26

27

[7] *See id.*, Ex. H.

28 [8] *See id.*, Ex. I.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

**C.    DEFENDANTS' FRCP 30(b)(6) DEPOSITION NOTICE TO AFM**

      **(1)    Matters of Examination 21-22[9]**

21.    Any complaint or disciplinary action or proceedings initiated by YOU against any person for work performed in connection with the scoring of BEN HUR.

22.    Any considered or proposed disciplinary action or proceedings by YOU against any person for work performed in connection with the scoring of BEN HUR..

**AFM's Response to Matters of Examination 21-22:**

[By informal email from AFM's counsel:][10] [AFM] is unable to present a witness on most all matters of examination identified in the notice.

[By letter from AFM's counsel after the parties meet and conferred:][11] With respect to Matters for Examination [21-22], AFM objects on the grounds of overbreadth, irrelevance, and because they call for disclosure of confidential union activity and communications. *United Nurses Ass'ns of Cal.*, 871 F.3d at 785-88. AFM will not designate a witness to testify on these Matters.

**D.    RAYMOND HAIR 1/23/2018 DEPOSITION TESTIMONY[12]**

      **(1)    Questions Witness Instructed Not To Answer On Grounds Of "Confidential Section 7 Union Activity"**

**20:13-20:23:**

**Q.   Do you have any duties relative to the   discipline of federation members?**

---

[9] *See id.*, Ex. E.

[10] *See id.*, Ex. N.

[11] *See id.*, Ex. P.

[12] *See id.*, Ex. Q.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

1    Ms. Garner:   Objection.   Attorney-client privilege and confidential union

2  activity.

3    The Witness:  Do I answer it or not?

4    Ms. Garner:  Don't answer.

5    Mr. Levin:  Okay.  Can we stipulate, counsel, that if you're raising privilege,

6  that the  witness is going to refuse to answer at your direction?

7    Ms. Garner:  So stipulated.

8  **20:25-21:7:**

9  **Q.   What are your duties relative to the discipline of federation**

10 **members?**

11   Ms. Garner:   Objection.   Same objection. Instructing the witness not to

12 answer.

13   By Mr. Levin:

14 **Q.   For how long have you held duties relative to the discipline of**

15 **federation members?**

16   Ms. Garner:  Same objection.

17 **49:12-50:7:**

18 **Q.  Do you know whether any of the musicians who worked on the score**

19 **have communicated to the AFM that it is not authorized to seek recovery on**

20 **their behalf?**

21   A.  I --

22   Ms. Garner:  Objection.

23   The Witness:  I don't.

24   Ms. Garner:  Objection.  Don't answer.

25   The Witness:  Okay.

26   Ms. Garner:  On the basis of confidential Section 7 activity.

27   By Mr. Levin:

28

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

1   **Q.  Have any of the musicians who worked on the score communicated**
2   **to the AFM that they do not support the AFM's lawsuit?**

3   Ms. Garner:  Objection.  Same objection.  Confidential Section 7 activity.

4   Mr. Levin:  Are you instructing him not to answer?

5   Ms. Garner:  I'm instructing him not to answer, yes.

6   <u>130:3-14:</u>

7   Q.  Are you aware of someone named Mark Graham?

8   A.  Yes.

9   Q.  Do you understand that he is somehow affiliated with a company called

10  Belvedere Music?

11  A.  I did not know.

12  **Q.  Is Mark Graham a member of the AFM?**

13  Ms. Garner:  Objection.  Don't answer.  Objection.  Section 7 protected

14  union activity.  I'm instructing the witness not to answer.

15  <u>132:6-134:7:</u>

16  **Q.  Now, are you aware that he [Mark Graham] was fined for his work**
17  **on Ben Hur?**

18  A.  Yes.

19  **Q.  And what do you know about that?**

20  Ms. Garner:  Objection.  Don't answer.

21  Mr. Levin:  What's the basis for you directing him not to answer?

22  Ms. Garner:  Section 7, protected union activity.

23  By Mr. Levin:

24  **Q.  When was Mr. Graham first notified of the possibility that he would**
25  **be disciplined for his work on Ben Hur?**

26  A.  I don't know.

27  Ms. Garner:  Objection.  Same -- same objection.

28  By Mr. Levin:

8

9750072.3

1     **Q. How much was Mr. Graham fined?**

2     Ms. Garner: Objection. Same objection.

3     By Mr. Levin:

4     **Q. What was the basis for determining the size of the fine against Mr.**

5 **Graham?**

6     Ms. Garner: Objection. Section 7, union activity.

7     Mr. Levin: Right. Just to be clear, when you're objecting based on the

8 National Labor Relations Act, you're also directing him not to answer; correct?

9     Ms. Garner: Correct.

10     Mr. Levin: And he is refusing to answer at your direction; correct?

11     Ms. Garner: Correct.

12     Mr. Levin: And you've stipulated to that; correct.

13     Ms. Garner: correct.

14     By Mr. Levin:

15     **Q. Was the entire amount of the fine issued against Mr. Graham**

16 **collected from him?**

17     Ms. Garner: Objection. Same objection.

18     By Mr. Levin:

19     **Q. Was some portion of the fine against Mr. Graham being held in**

20 **abeyance?**

21     Ms. Garner: Same objection.

22     Mr. Levin: And same direction to him?

23     Ms. Garner: Same direction.

24     By Mr. Levin:

25     **Q. Did the AFM agree that if Mr. Graham engaged in certain conduct**

26 **or comported his behavior in a certain way, that it would waive a portion of**

27 **the fine?**

28     Ms. Garner: Same objection.

1     **134:18-137:14:**

2     **Q. Who made the decision to fine Mr. Graham?**

3     Ms. Garner: Objection. Section 7, union activity. Don't answer.

4     By Mr. Levin:

5     **Q. Who made the decision to hold in abeyance a part of the fine against**

6 **Mr. Graham?**

7     Ms. Garner: Same objection

8     Mr. Levin: Same direction?

9     Ms. Garner: Same direction.

10     By Mr. Levin:

11     **Q. Did you personally participate in the decision either to fine Mr.**

12 **Graham or to hold part of the fine in abeyance?**

13     Ms. Garner: Same objection. Same direction.

14     By Mr. Levin:

15     **Q. Now, Mr. Graham was fined under Article 15, Section 1(a) of the**

16 **bylaws; correct?**

17     Ms. Garner: Same objection. Same direction.

18     By Mr. Levin:

19     **Q. Can you please explain why it was that Mr. Graham was fined**

20 **under Article Section -- strike that. Can you please explain why it was that**

21 **Mr. Graham was find under Article 15, Section 1(a) of the bylaws?**

22     Ms. Garner: Same objection. Same direction.

23     By Mr. Levin:

24     **Q. Where in the bylaws does it state the dollar range of the fine that**

25 **could have been levied against Mr. Graham?**

26     Ms. Garner: Objection. The bylaws speak for themselves. And in addition,

27 I object to the extent that it calls for confidential Section 7 privileged information.

28

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

1    Mr. Levin:  Are you directing him not to answer where it states in the

2  bylaws the fine?  Are you directing him not to answer?

3    Ms. Garner:  Yes.

4    By Mr. Levin:

5    **Q.  Where in the bylaws does it state that some of a fine can be held in**

6  **abeyance?**

7    Ms. Garner:  Same objection.

8    Mr. Levin:  Same direction?

9    Ms. Garner:  Same direction.

10    By Mr. Levin:

11    **Q.  Other than Mr. Graham, has the union disciplined any other Ben**

12  **Hur musician?**

13    Ms. Garner:  Same objection.  Same direction.

14    By Mr. Levin:

15    **Q.  Has the union communicated to any musician who worked on the**

16  **score of Ben Hur that it was considering disciplining them?**

17    Ms. Garner:  Same objection.  Same direction.

18    By Mr. Levin:

19    **Q.  Has the union threatened any of the musicians who worked on Ben**

20  **Hur that if they do not cooperate with the union, they will receive a fine?**

21    Ms. Garner:  Same objection.  Same direction.

22    By Mr. Levin:

23    **Q.  Has the union threatened any of the musicians who worked on Ben**

24  **Hur that if they don't testify in a particular fashion in this case, that they will**

25  **face discipline?**

26    Ms. Garner:  I object to the -- same objection.  Same direction.

27

28

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

## II.    MGM'S INTERROGATORIES TO AFM RE AFM'S CONTENTIONS

### A.    MGM'S Interrogatory No. 4[13]

IDENTIFY all facts supporting YOUR contention, if any, that MGM participated in or was involved with decisions regarding the scoring of BEN HUR.

**AFM's Response to Interrogatory No. 4:[14]**

AFM objects to this Interrogatory on the grounds that the terms "participated in," "involved with," and "decisions regarding" are vague and ambiguous.

AFM objects to this Interrogatory on the grounds that it seeks information that is irrelevant to the claims made in this case.

AFM objects to this Interrogatory to the extent it calls for information that is more easily, uniquely, or equally available to MGM, and thus imposes an undue burden on AFM.

AFM objects to this Interrogatory, consistent with Fed. R. Civ. P. 33(a)(2), to the extent it seeks "all facts" at this time, when discovery in this case has not been completed and AFM's investigation is continuing.  AFM reserves the right to supplement its answer to this Interrogatory as it obtains additional facts through the discovery process and further investigation.

AFM objects to this Interrogatory to the extent it calls for information disclosed in this action pursuant to a designation as "HIGHLY CONFIDENTIAL–ATTORNEYS' EYES ONLY" under the parties' Stipulated Protective Order.

AFM objects to this Interrogatory to the extent it calls for information protected by the attorney-client privilege, attorney work product doctrine, or other privilege.

Subject to and without waiving its objections, AFM answers as follows:

AFM states that MGM, by and through its wholly-owned subsidiary BH PRODUCTIONS, is a producer of BEN HUR subject to the terms of the

---

[13] *See id.*, Ex. F.

[14] *See id.*, Ex. G.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

Agreement, including the conditions and limitations imposed on a producer's right to subcontract work in covered job classifications to a subcontractor. Whether MGM "participated in or was involved with decisions regarding the scoring of BEN HUR" is irrelevant to its obligation to ensure compliance with the minimum compensation provisions of the Agreement when work otherwise covered by the Agreement is subcontracted to a subcontractor. MGM, by and through BH PRODUCTIONS, executed the composer agreement that provided for the engagement of musicians for scoring. AFM does not concede or contend that MGM's direct participation or involvement in the scoring is relevant or material to its claims in this case.

AFM does not intend this answer to be, nor should this answer be construed as, a complete and final answer to Defendant's Interrogatory No. 4. AFM anticipates obtaining additional facts supporting its claim through the discovery process and AFM's continuing investigation. AFM will supplement this answer to the extent required by Rule 26(e)(1) of the Federal Rules of Civil Procedure.

**B.    MGM's Interrogatory No. 5[15]**

IDENTIFY all facts supporting YOUR contention, if any, that BH PRODUCTIONS participated in or was involved with decisions regarding the scoring of BEN HUR.

**AFM's Response to Interrogatory No. 5:[16]**

AFM objects to this Interrogatory on the grounds that the terms "participated in," "involved with," and "decisions regarding" are vague and ambiguous.

AFM objects to this Interrogatory on the grounds that it seeks information that is irrelevant to the claims made in this case.

---

[15] *See id.*, Ex. F.

[16] *See id.*, Ex. G.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

1   AFM objects to this Interrogatory to the extent it calls for information that is
2   more easily, uniquely, or equally available to MGM and/or BH PRODUCTIONS,
3   and thus imposes an undue burden on AFM.

4   AFM objects to this Interrogatory, consistent with Fed. R. Civ. P. 33(a)(2),
5   to the extent it seeks "all facts" at this time, when discovery in this case has not
6   been completed and AFM's investigation is continuing.  AFM reserves the right to
7   supplement its answer to Interrogatory No. 4 as it obtains additional facts through
8   the discovery process and further investigation.

9   AFM objects to this Interrogatory to the extent it calls for information
10  disclosed in this action pursuant to a designation as "HIGHLY CONFIDENTIAL–
11  ATTORNEYS' EYES ONLY" under the parties' Stipulated Protective Order.

12  AFM objects to this Interrogatory to the extent it calls for information
13  protected by the attorney-client privilege, attorney work product doctrine, or other
14  privilege.

15  Subject to and without waiving its objections, AFM answers as follows:

16  AFM alleges that MGM, by and through its wholly-owned subsidiary BH
17  PRODUCTIONS, is a producer of BEN HUR subject to the terms of the
18  Agreement, including the conditions and limitations imposed on a producer's right
19  to subcontract work in covered job classifications to a subcontractor.  Whether BH
20  PRODUCTIONS "participated in or was involved with decisions regarding the
21  scoring of BEN HUR" is irrelevant to Defendants' obligation to ensure compliance
22  with the minimum compensation provisions of the Agreement when work
23  otherwise covered by the Agreement is subcontracted to a subcontractor. BH
24  PRODUCTIONS, on behalf of MGM, executed the composer agreement that
25  provided for the engagement of musicians for scoring.  AFM does not concede or
26  contend that BH PRODUCTIONS'S direct participation or involvement in the
27  scoring is relevant or material to its claims in this case.

28

14

9750072.3

1    AFM does not intend this answer to be, nor should this answer be construed

2    as, a complete and final answer to Defendant's Interrogatory No. 5.   AFM

3    anticipates obtaining additional facts supporting its claim through the discovery

4    process and AFM's continuing investigation.  AFM will supplement this answer to

5    the extent required by Rule 26(e)(1) of the Federal Rules of Civil Procedure.

6    **C.      MGM's Interrogatory No. 7**[17]

7    IDENTIFY all facts supporting YOUR contention, if any, that MGM

8    employed any individuals who worked on the score of BEN HUR.

9    **AFM's Response to Interrogatory No. 7:**[18]

10    AFM objects to this Interrogatory on the grounds that the term "employed"

11    is vague and ambiguous.

12    AFM objects to this Interrogatory to the extent the phrase "MGM employed

13    any individuals" seeks a legal conclusion.

14    AFM objects to this Interrogatory on the grounds that the phrase "any

15    individuals who worked on the score of BEN HUR" is overly broad and goes

16    beyond the scope of the claims and allegations made in the COMPLAINT.

17    AFM objects to this Interrogatory on the grounds that it seeks information

18    that is irrelevant to the claims made in this case.

19    AFM objects to this Interrogatory to the extent it calls for information that is

20    more easily, uniquely, or equally available to MGM, and thus imposes an undue

21    burden on AFM.

22    AFM objects to this Interrogatory, consistent with Fed. R. Civ. P. 33(a)(2),

23    to the extent it seeks "all facts" at this time, when discovery in this case has not

24    been completed and AFM's investigation is continuing.  AFM reserves the right to

25    supplement its answer to this Interrogatory as it obtains additional facts through the

26    discovery process and further investigation.

27    _____

[17] *See id.*, Ex. F.

28    [18] *See id.*, Ex. G.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

1    AFM objects to this Interrogatory to the extent it calls for information
2  disclosed in this action pursuant to a designation as "HIGHLY CONFIDENTIAL–
3  ATTORNEYS' EYES ONLY" under the parties' Stipulated Protective Order.

4    AFM objects to this Interrogatory to the extent it calls for information
5  protected by the attorney-client privilege, attorney work product doctrine, or other
6  privilege.

7    Subject to and without waiving its objections, AFM answers as follows:

8    AFM alleges that MGM is a producer of BEN HUR subject to the terms of
9  the Agreement, including the conditions and limitations imposed on a producer's
10  right to subcontract work in covered job classifications to a subcontractor.
11  Whether MGM "employed any individuals who worked on the score of BEN
12  HUR" is irrelevant to its obligation to ensure compliance with the minimum
13  compensation provisions of the Agreement when work otherwise covered by the
14  Agreement is subcontracted to a subcontractor. MGM's wholly-owned subsidiary
15  BH PRODUCTIONS, on behalf of MGM, executed the composer agreement that
16  provided for the engagement of musicians for scoring BEN HUR.  AFM does not
17  contend or concede that MGM's direct employment of any individual is material to
18  its claims in this case.

19    AFM does not intend this answer to be, nor should this answer be construed
20  as, a complete and final answer to Defendant's Interrogatory No. 7.   AFM
21  anticipates obtaining additional facts supporting its claims through the discovery
22  process and AFM's continuing investigation.  AFM will supplement this answer to
23  the extent required by Rule 26(e)(1) of the Federal Rules of Civil Procedure.

24

25

26

27

28

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

**D.    MGM's Interrogatory No. 8**[19]

IDENTIFY all facts supporting YOUR contention, if any, that BH PRODUCTIONS employed any individuals who worked on the score of BEN HUR.

**AFM's Response to Interrogatory No. 8:**[20]

AFM objects to this Interrogatory on the grounds that the term "employed" is vague and ambiguous.

AFM objects to this Interrogatory to the extent the phrase "BH PRODUCTIONS employed" seeks a legal conclusion.

AFM objects to this Interrogatory on the grounds that the phrase "any individuals who worked on the score of BEN HUR" is overly broad and goes beyond the scope of the claims and allegations made in the COMPLAINT.

AFM objects to this Interrogatory on the grounds that it seeks information that is irrelevant to the claims made in this case.

AFM objects to this Interrogatory to the extent it calls for information that is more easily, uniquely, or equally available to MGM and/or BH PRODUCTIONS, and thus imposes an undue burden on AFM.

AFM objects to this Interrogatory, consistent with Fed. R. Civ. P. 33(a)(2), to the extent it seeks "all facts" at this time, when discovery in this case has not been completed and AFM's investigation is continuing.  AFM reserves the right to supplement its answer to this Interrogatory as it obtains additional facts through the discovery process and further investigation.

AFM objects to this Interrogatory to the extent it calls for information disclosed in this action pursuant to a designation as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the parties' Stipulated Protective Order.

---

[19] *See id.*, Ex. F.
[20] *See id.*, Ex. G.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

1    AFM objects to this Interrogatory to the extent it calls for information

2    protected by the attorney-client privilege, attorney work product doctrine, or other

3    privilege.

4        Subject to and without waiving its objections, AFM answers as follows:

5        AFM states that MGM, by and through its wholly-owned subsidiary BH

6    PRODUCTIONS, is a producer of BEN HUR subject to the terms of the

7    Agreement, including the conditions and limitations imposed on a producer's right

8    to subcontract work in covered job classifications to a subcontractor.  Whether BH

9    PRODUCTIONS "employed any individuals who worked on the score of BEN

10   HUR" is irrelevant to Defendants' obligation to ensure compliance with the

11   minimum compensation provisions of the Agreement when work otherwise

12   covered by the Agreement is subcontracted to a subcontractor.   BH

13   PRODUCTIONS, on behalf of MGM, executed the composer agreement that

14   provided, directly or indirectly, for the engagement of musicians for scoring BEN

15   HUR.  AFM does not contend or concede that BH PRODUCTIONS'S direct

16   employment of any individual is material to its claims in this case.

17       AFM does not intend this answer to be, nor should this answer be construed

18   as, a complete and final answer to Defendant's Interrogatory No. 8.   AFM

19   anticipates obtaining additional facts supporting its claims through the discovery

20   process and AFM's continuing investigation.  AFM will supplement this answer to

21   the extent required by Rule 26(e)(1) of the Federal Rules of Civil Procedure.

22

23

24

25

26

27

28

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

III.    **PARAMOUNT'S INTERROGATORIES TO AFM RE AFM'S**
        **CONTENTIONS**

A.    **Paramount's Interrogatory No. 3**[21]

IDENTIFY all facts supporting YOUR contention, if any, that PARAMOUNT participated in or was involved with decisions regarding the scoring of BEN HUR.

**AFM's Response to Interrogatory No. 3:**[22]

AFM objects to Defendant's Interrogatory No. 3 on the grounds that the terms "participated in," "involved with," and "decisions regarding" are vague, ambiguous, overly broad, and/or irrelevant to the claims made in this case. AFM further objects to the interrogatory to the extent it calls for information that is more easily or uniquely available to Paramount, and thus imposes an undue burden on AFM. AFM further objects, consistent with Fed. R. Civ. P. 33(a)(2), to the extent the interrogatory seeks "all facts" at this time, when discovery in this case has not been completed and AFM's investigation is continuing. AFM further objects to the extent the interrogatory calls for information disclosed in this action pursuant to a designation as "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the parties' Stipulated Protective Order. AFM further objects to the extent the interrogatory calls for information protected by the attorney-client privilege, attorney work product doctrine, or other privilege. AFM reserves the right to supplement its answer to Interrogatory No. 3 as it obtains additional facts through the discovery process and further investigation. Subject to and without waiving its objections, AFM answers as follows:

AFM alleges that Paramount is a producer of BEN HUR subject to the terms of the Agreement, including the conditions and limitations imposed on a producer's right to subcontract work in covered job classifications to a

---

[21] *See id.*, Ex. J.

[22] *See id.*, Ex. K.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

1  subcontractor.  Whether Paramount "participated in or was involved with decisions

2  regarding the scoring of BEN HUR" is irrelevant to its obligation to ensure

3  compliance with the minimum compensation provisions of the Agreement when

4  work otherwise covered by the Agreement is subcontracted to a subcontractor.

5        AFM further answers that it is engaged in ongoing discovery and

6  investigation of Paramount's participation in the decisions regarding BEN HUR.

7        AFM does not intend this answer to be, nor should this answer be construed

8  as, a complete and final answer to Defendant's Interrogatory No. 3.  AFM

9  anticipates obtaining additional facts supporting its claim through the discovery

10  process and AFM's continuing investigation. AFM will supplement this answer to

11  the extent required by Rule 26(e)(1) of the Federal Rules of Civil Procedure.

12        **B.    Paramount's Interrogatory No. 5**[23]

13        IDENTIFY all facts supporting YOUR contention, if any, that

14  PARAMOUNT employed any individuals who worked on the score of BEN HUR.

15        **AFM's Response to Interrogatory No. 5**[24]

16        AFM objects to Defendant's Interrogatory No. 5 on the grounds that it is

17  irrelevant to the claims in this action and is therefore unduly burdensome.  AFM

18  further objects to the extent the interrogatory calls for information more easily or

19  uniquely available to Paramount.  AFM further objects to the interrogatory on the

20  basis that the meaning of "employed" is vague, ambiguous, and therefore

21  misleading.  AFM further objects, consistent with Fed. R. Civ. P. 33(a)(2), to the

22  extent the interrogatory seeks "all facts" at this time, when discovery in this case

23  has not been completed and AFM's investigation is continuing.  AFM further

24  objects to the extent the interrogatory calls for information designated as

25  "HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY" under the parties'

26  Stipulated Protective Order.  AFM further objects to the extent the interrogatory

27  _____

[23] *See id.*, Ex. J.

28  [24] *See id.*, Ex. K.

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3

calls for information protected by the attorney-client privilege, attorney work product doctrine, or other privilege. AFM reserves the right to supplement its answer to Interrogatory No. 5 as it obtains additional facts through the discovery process and further investigation. Subject to and without waiving its objections, AFM answers as follows:

AFM alleges that Paramount is a producer of BEN HUR subject to the terms of the Agreement, including the conditions and limitations imposed on a producer's right to subcontract work in covered job classifications to a subcontractor. AFM also alleges that this case involves the subcontracting of work in covered job classifications. Thus, whether or not Defendant "employed" any individuals who worked on the score of BEN HUR is irrelevant to its obligation to ensure compliance with the minimum compensation provisions of the Agreement when work in covered job classifications is subcontracted to a subcontractor.

AFM does not intend this answer to be, nor should this answer be construed as, a complete and final answer to Defendant's Interrogatory No. 5. AFM anticipates obtaining additional facts supporting its claim through the discovery process and AFM's continuing investigation. AFM will supplement this answer to the extent required by Rule 26(e)(1) of the Federal Rules of Civil Procedure.

DATED:  FEBRUARY 2, 2018           Respectfully submitted,

                                   ADAM LEVIN
                                   SARAH WIRTZ
                                   MITCHELL SILBERBERG & KNUPP LLP


                                   By:  /s/Adam Levin
                                        Adam Levin
                                        Attorneys for Defendants
                                        Metro-Goldwyn-Mayer Pictures Inc. and
                                        Paramount Pictures Corporation

**DEFENDANTS' APPENDIX OF DISCOVERY IN DISPUTE**

9750072.3